16-2689-cv
F5 Capital v. RBS Securities Inc.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand seventeen.

PRESENT: DENNIS JACOBS,
　　　　　DEBRA ANN LIVINGSTON,
　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
F5 CAPITAL,
　　　　Plaintiff-Appellant,

　　　　-v.-　　　　　　　　　　　　　　　16-2689-cv

RBS SECURITIES INC.,
　　　　Defendant-Appellee,

DEPOSITORY TRUST COMPANY,
　　　　Defendant.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:　　　　　　MARK C. RIFKIN; Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY.

1

David A. Slossberg; Hurwitz, Sagarin, Slossberg & Knuff, LLC, Milford, CT.

FOR APPELLEES:                      JEFFREY R. BABBIN, Ivana D. Greco, Robert S. Hoff; Wiggin and Dana LLP, New Haven and Stamford, CT.

Appeal from orders of the United States District Court for the District of Connecticut (Bryant, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiff F5 Capital appeals from the judgment of the United States District Court for the District of Connecticut (Bryant, J.) dismissing the complaint on the ground of forum non conveniens, citing the forum selection clause in an earlier settlement agreement.  We review de novo the district court's dismissal under a forum selection clause "except where the decision is based on factual findings, which we review for clear error."  Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014).  We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Plaintiff F5 Capital is a Cayman Islands corporation owned by TMT Co. Ltd., a privately held Taiwanese shipping company. In 2007, TMT opened a "Forward Freight Agreement Clearing Account" with the Royal Bank of Scotland plc ("RBS").  In satisfaction of a margin call that RBS made against that account, TMT sent RBS a share certificate (which had been issued to F5) for 3,000,000 shares of a company called Star Bulk Carriers Corp. RBS held the certificate as collateral, and eventually transferred it to its indirect subsidiary, defendant RBS Securities Inc. ("RBS Securities").

In 2010, F5 and several related entities sued RBS in England. The 2012 settlement agreement provided, inter alia, for F5 and related entities to pay a certain sum to RBS and for RBS to return the 3,000,000 shares of Star Bulk.  The agreement also included a forum selection clause:

2

13.2. The Parties agree that the courts of England have exclusive jurisdiction to hear and decide any action or proceedings, and/or to settle any disputes, which may arise out of or in any way relate to this Agreement or its formation and, for these purposes, each party irrevocably submits to the jurisdiction of the courts of England.

App'x 26. After the agreement was signed, Star Bulk announced a 15:1 reverse split--converting the 3,000,000 shares into 200,000 shares--and paid dividends, with which RBS (at F5's direction) bought additional shares.

In 2014, before the shares were returned, F5 sued RBS Securities (but not RBS itself) in the District of Connecticut, pleading claims premised upon RBS Securities' possession of the shares and F5's entitlement to them under the settlement agreement with RBS. The shares were returned after the complaint was filed, mooting some claims; F5 avers that it retains a valid claim for an accounting, relating to interest and dividend payments.

**1.** To determine whether to enforce a forum selection clause, we consider:

(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive . . . ; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. If [so] . . . , it is presumptively enforceable. A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

Martinez, 740 F.3d at 217 (quotation marks and citations omitted). It is undisputed that the clause was reasonably communicated and is mandatory.

F5 argues against enforcement principally because RBS Securities was not a party to the settlement agreement. However,

3

> a non-signatory to a contract containing a forum selection clause may enforce the forum selection clause against a signatory when the non-signatory is "closely related" to another signatory. In such instances, the relationship between the non-signatory and that (latter) signatory must be sufficiently close that the non-signatory's enforcement of the forum selection clause is "foreseeable" to the signatory against whom the non-signatory wishes to enforce the forum selection clause.

Magi XXI, Inc. v. Stato della Citta del Vaticano, 714 F.3d 714, 723 (2d Cir. 2013) (citation and footnote omitted). This rule "prevent[s] parties to contracts from using evasive, formalistic means lacking economic substance to escape contractual obligations." Id. at 722 (quotation marks omitted).

RBS Securities was not a signatory to the settlement agreement, but it is closely related to a signatory (its parent), and its enforcement of the forum selection clause was foreseeable because (among other reasons) the disputed conduct was performed at least in part on RBS's behalf. Even if, as F5 alleges, RBS Securities' identity was unforeseeable, F5's claims arise from the performance (or non-performance) of RBS's obligations under the settlement agreement; it was therefore foreseeable that some RBS instrumentality involved in the execution of the agreement might enforce the forum selection clause.

**2.** For the foregoing reasons, the forum selection clause is presumptively enforceable. F5 has not overcome this presumption by making a sufficiently strong showing that enforcement would be unreasonable or unjust. F5 argues that enforcement would be unjust because English courts would not have personal jurisdiction over RBS Securities; but that argument was not timely raised in the district court (it was first raised in a motion for reconsideration) and it is made now in conclusory fashion. Even if it were properly raised below, and assuming arguendo that it is correct, F5 has made no argument that it is owed relief that cannot be achieved in litigation against RBS. F5 therefore has not shown that enforcement of the forum selection clause would be unreasonable or unjust.

4

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK